**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 21 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PINBIN ZHAO, | No. 13-73959 |
| Petitioner, | Agency No. A089-886-745 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Pinbin Zhao, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-1040 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on discrepancies the IJ identified between Zhao's testimony and declaration about his encounter with family planning officials. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard). In reaching this conclusion we do not rely on any alleged discrepancy as to the diamond ring. In the absence of credible testimony, Zhao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**